**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 19-cv-02039-RM-NYW

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; and
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a Connecticut
Corporation,

      Plaintiffs,

v.

LUNA GOURMET COFFEE & TEA COMPANY LLC, a Colorado limited liability
company; and
BCC ASSETS, LLC d/b/a BOYER'S COFFEE COMPANY, INC., a Colorado limited
liability company,

      Defendants.

---

## ORDER

---

      This declaratory judgment action arises from a coverage dispute where the parties seek a

determination of their rights and responsibilities. Plaintiffs The Travelers Indemnity Company of

America and Travelers Property Casualty Company of America (collectively, "Travelers") filed

this action seeking a declaration that it has no obligation under its policies to defend, indemnify,

or otherwise provide coverage to Defendant BCC Assets, LLC d/b/a Boyer's Coffee Company,

Inc. ("Boyer's") in two putative class actions. The parties have filed cross-motions for summary

judgment on this issue. The motions are fully briefed and ripe for resolution. After considering

the motions, the court record, and the applicable law, and being otherwise fully advised, the

Court finds and orders as follows.

## I.      BACKGROUND

### A.  The Underlying Actions

In 2019 two putative class action complaints were filed against coffee distributors, wholesalers, and retailers for damages and other relief arising out of the use of the name "Kona." Those actions were filed in the United States District Court for the Western District of Washington.

The first action was filed on behalf of alleged Kona coffee farmers who grow authentic Kona coffee in the Kona District of the Big Island of Hawaii (the "*Kona Farmers Action*"). The second action was filed on behalf of alleged consumers of coffee products labeled "Kona" coffee (the "*Kona Consumers Action*"). As alleged in both lawsuits (collectively, "*Kona Class Actions*"), only coffee grown on farms located within the Kona District can be truthfully marketed, labeled, and sold as Kona coffee. Boyer's was one of several manufacturers and sellers of Kona coffee named as a defendant in the *Kona Class Actions*.

The *Kona Farmers Actions* allege that Kona defendants "wrongfully profited from the goodwill and reputation associated with the geographic region of Kona by passing off ordinary commodity coffee as 'Kona' coffee," which injured Kona farmers by having excessive supply which drives prices down and by causing consumers to conclude that Kona coffee is "nothing special."[1] The Kona farmers further allege that Kona defendants, including Boyer's, falsely designated "Kona" as the origin of the coffee, and "have injured the reputation of Kona and the farmers of authentic Kona coffee."[2] And that Kona defendants allegedly use "marketing and

---

[1] ECF No. 25-1, p. 4 at ¶ 2. As used in this Order, unless stated otherwise, the page references are to the page numbers assigned to the document by the court's CM/ECF system, found in the upper right-hand corner of the document.
[2] ECF No. 25-1, p. 12 at ¶ 29.

packaging that tell consumers they are buying packages of Kona coffee" when in fact the packages do not contain such coffee.[3]

The *Kona Consumers Action* alleges defendants, including Boyer's, wrongfully profited by coffee products "falsely labeled and advertised as originating from Kona" and took advantage of the goodwill and reputation associated with the Kona region.[4]

As to Boyer's specifically, the *Kona Class Actions* allege:

- That Boyer's "falsely designates the geographic origin of its 'Kona' coffee products with the prominent placement of KONA on the packaging" or "misrepresents the geographic origin, quality and contents of its 'Kona' coffee products with the prominent placement of KONA on the front of the packaging. Boyer's designs its packaging for its coffee products with the intent to deceive consumers as to the product's origin, quality and contents."

- That Boyer's sells at least two different "Kona" coffee products. One is labeled "Café Kona" and the other is labeled "Kona Blend."

- That the Boyer's packaging is intended to mislead the consumer into believing that the product contains a significant amount of Kona coffee beans when the product actually contains little to no Kona coffee.

The *Kona Farmers Action* raises one cause of action under the Lanham Act (15 U.S.C. § 1125(a)) for (1) false designation of origin, (2) false advertising, and (3) unfair competition. The *Kona Consumers Action* raises four claims for relief: (1) breach of express warranty under

---

[3] ECF No. 25-1, p. 22 at ¶ 60.
[4] ECF No. 25-2, pp. 3-4 at ¶¶ 2 ("falsely labeled and advertised") & 3 ("deceptive labeling and marketing practices").

the Uniform Commercial Code §§ 2-313, 2-714 & 2-607; (2) breach of implied warranty under the Uniform Commercial Code §§ 2-314, 2-714 & 2-607; (3) common law fraud, fraudulent concealment, and intentional misrepresentations; and (4) quasi-contract/unjust enrichment/restitution.

### B.  The Policies at Issue

Travelers issued four commercial policies ("Commercial Policies") and four umbrella policies ("Umbrella Policies") (collectively, "Policies") with Boyer's and Defendant Luna Gourmet Coffee & Tea Company LLC ("Luna") as Named Insureds (Luna and Boyer's, collectively, "Defendants"). Luna owns or controls Boyer's. Defendants are Colorado companies; the Policies were issued in Colorado.

Defendants sought coverage for the *Kona Class Actions* under the Policies. The first Policies issued commenced with a policy period of February 1, 2016. As relevant here, the Policies include commercial general liability insurance for "personal injury" and "advertising injury," subject to their terms and conditions. Specifically, the Commercial Policies' Insuring Agreement provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."[5] "Personal and advertising injury" is defined as "personal injury" or "advertising injury."[6]

The Policies contain a number of exclusions, including, as relevant here, the following:

- "Knowing Violation Of Rights Of Another": Bars coverage for "personal injury" or "advertising injury" "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict" personal or advertising injury.[7]

---

[5] ECF No. 25-3, p. 111, ¶ 1(a).
[6] ECF No. 25-3, p. 125, ¶ A.
[7] ECF No. 25-3, p. 111, ¶ 2(b).

- Material Published With Knowledge Of Falsity: Bars coverage for "'personal injury' or 'advertising injury' arising out of oral or written publication, including publication by electronic means, of material, if done by or at the direction of the insured with knowledge of its falsity."[8]

- "Quality Or Performance Of Goods – Failure To Conform To Statements": Bars coverage for "advertising injury" "arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement'."[9]

- "Infringement Of Copyright, Patent, Trademark, Or Trade Secret": Bars coverage for "personal injury" or "advertising injury" "arising out of any actual or alleged infringement or violation of any of the following rights or laws, or any other 'personal injury' or 'advertising injury' alleged in any claim or 'suit' that also alleges any such infringement or violation: (1) Copyright; (2) Patent; (3) Trade dress; (4) Trade name; (5) Trademark; (6) Trade secret; or (7) Other intellectual property rights or laws."

  This exclusion does not apply to (i.e., the exceptions to this exclusion are):
  - "Advertising injury" "arising out of any actual or alleged infringement or violation of another's copyright, 'title' or 'slogan' in your 'advertisement'; or

  - Any other "personal injury" or "advertising injury" "alleged in any claim or 'suit' that also alleges any such infringement or violation of another's copyright, 'title' or 'slogan' in your 'advertisement'."[10]

The Commercial Policies also contain definitions of "advertising injury"; "personal injury"; "advertisement"; and "slogan."[11] The parties apparently agree that coverage is either provided under all or none of the Policies.

## C. The Lawsuit Before this Court

Travelers filed this action seeking a determination that it has no duty to defend or indemnify after Defendants sought coverage under the Policies for the *Kona Class Actions*.

---

[8] ECF No. 25-3, p. 126, ¶ D(1)(b).
[9] ECF No. 25-3, p. 126, ¶ D(4).
[10] ECF No. 25-3, p. 126, ¶ D(6).
[11] ECF No. 25-3, p. 125, ¶ A; p. 127, ¶ G; p. 128, ¶ G; p. 118, ¶ V(1).

Boyer's filed a counterclaim against Defendant Travelers Indemnity Company of America[12] for breach of contract, alleging Travelers Indemnity's denial of coverage and refusal to provide Boyer's a defense in the *Kona Farmers Action* is a breach of a 2019 policy. The parties have filed cross-motions for summary judgment asking for a resolution of Travelers' request for declaratory judgment. After the filing of the motions, the *Kona Consumers Action* was voluntarily dismissed. In addition, the parties have recently advised there is an impending settlement in the *Kona Farmers Action*. Thus, the parties are awaiting a decision from this Court on the outstanding cross-motions.

## II.    LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so

---

[12] ECF No. 26.

contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

When the court is presented with cross-motions for summary judgment, it "must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 906-07 (10th Cir. 2016) (citations and quotations marks omitted). "'Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.'" *Christian Heritage Academy v. Oklahoma Secondary School Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)).

## B. Duty to Defend and Indemnify[13]

Whether there exists "a duty to defend against a particular claim is a question of law." *Apartment Inv. & Mgmt. Co. v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1193 (10th Cir. 2010) ("*AIMCO*") (applying Colorado law). "The Colorado Supreme Court has 'consistently held that an insurer's duty to defend arises solely from the complaint in the underlying action.'" *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 960 (10th Cir. 2011). In determining whether a duty to defend exists, Colorado applies the so-called "complaint rule." That rule "'operates to cast a broad net, such that when the underlying complaint alleges *any facts* or claims that *might* fall within the ambit of the policy, the insurer must tender a defense." *Chavez v. Arizona Auto. Ins. Co.*, 947 F.3d 642, 646 (10th Cir. 2020) (first italics in original, second italics added) (quoting *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294,

---

[13] The parties rely almost exclusively on Colorado law.

301 (Colo. 2003)); *see also Thompson v. Md. Cas. Co.*, 84 P.3d 496, 502 (Colo. 2004). "Where general language in an insurance contract is undefined or is otherwise ambiguous, [courts] construe it against the insurer and interpret it according to its plain and ordinary meaning." *Thompson*, 84 P.3d at 502. This meaning can be ascertained by considering definitions in dictionaries and case law. *Id.* at 502, 507.

Defendants, as insureds, bear the initial burden of proving the *Kona Class Actions* fall within the Policies' insuring agreements. *See Rodriguez By & Through Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. App. 1991). "Coverage provisions in an insurance contract are to be liberally construed in favor of the insured to provide the broadest possible coverage." *AIMCO*, 593 F.3d at 1197 (quotation marks and citation omitted).

If Defendants meet this burden, Travelers, as the insurer, bears the burden of proving that any exclusions apply. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 829 (Colo. 2004); *see also Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, 679 F. App'x 705, 708 (10th Cir. 2017). An insurer must establish "'that the allegations in the complaint are solely and entirely within the exclusions in the insurance policy.'" *AIMCO*, 593 F.3d at 1197 (quoting *Cotter*, 90 P.3d at 829). Travelers bears a heavy burden here. *Thompson*, 84 P.3d at 502.

If Travelers shows an exclusion applies, Defendants then bear the burden of proof with respect to any claimed exception to an applicable exclusion. *See Leprino Foods Co. v. Factory Mut. Ins. Co.*, 453 F.3d 1281, 1287 (10th Cir. 2006) (acknowledging shifting burdens under Colorado law).

### III.    DISCUSSION

#### A.  Ripeness and the *Kona Consumers Action*

In a footnote, Boyer's argues that because the *Kona Consumers Action* was voluntarily dismissed without prejudice, coverage for that dispute is not ripe and Boyer's does not seek summary judgment on Travelers' duty to defend in that dismissed action.[14] Travelers counters the issue is ripe because it has not amended its complaint and there is still a live dispute over the duty to defend as to litigation costs incurred by Defendants in the dismissed action. The Court agrees. Based on the relief which Travelers seeks, there is still a justiciable controversy as to coverage for Defendants' costs incurred in the now dismissed *Kona Consumers Action*. That Defendants do not file a cross-motion on the issue does not support a contrary conclusion. Accordingly, the Court will address the issues as to the *Kona Class Actions*.

#### B.  Evidence Outside the Four Corners of the Complaint

The Policies contain an exclusion for "Material Published Prior to Policy Period."[15] Travelers contends the Court can and should consider extrinsic evidence by taking judicial notice of information it retrieved from the internet and find that this exclusion applies and bars coverage for the *Kona Class Actions*. Boyer's counters with a number of arguments, one of which the Court finds persuasive – that the Court may not consider such documents in this case to determine Travelers' duty to defend.

Colorado's complaint rule focuses its inquiry on the complaint itself; therefore, this Court should "'base the determination of an insurer's duty to defend on the allegations contained in the

---

[14] ECF No. 30, p. 2 n.4.
[15] ECF No. 36, ¶ 18; ECF No. 25-3, p. 126, ¶ D(2).

underlying complaint,' to the exclusion of allegations made elsewhere." *Chavez*, 947 F.3d at 646

(quoting *Cotter*, 90 P.3d at 829). In addition, the Colorado Supreme Court has "held that an

insured cannot rely on extrinsic evidence to show that a duty to defend exists." *Id.* (citing

*Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 615-16 (Colo. 1999)). While the Colorado

courts have not yet made any exception to the complaint rule, the Tenth Circuit has applied a

modified version of the complaint rule on two occasions.

The Tenth Circuit first did so in *Pompa v. Am. Fam. Mut. Ins. Co.,* 520 F.3d 1139 (10th

Cir. 2008), recognizing an "exception" where "an indisputable fact that is not an element of

either the cause of action or a defense in the underlying litigation can be used to deny the duty to

defend." In *Pompa*, the indisputable fact was that the insured, who was sued by his victim's

family for wrongful death, had pleaded guilty to murder. On the second occasion, in *AIMCO,*

*supra,* the Tenth Circuit concluded the complaint rule "would allow an insurer to consider facts it

knows from parallel judicial proceeding in determining coverage." *Chavez*, 947 F.3d at 646.

None of those scenarios are present here. Travelers' evidence consists of information

from websites, of which it requests the Court to take judicial notice. The cases Travelers rely on

are inapposite – none involve or implicate the complaint rule. And, while it is certainly true that

courts may take judicial notice of certain matters on motions for summary judgment, the Court

finds it may not do so under the complaint rule. To do so would turn the complaint rule on its

head. Taking heed from the Tenth Circuit to "be wary of making an exception," as the Colorado

courts have neither recognized nor ratified the two "narrow" exceptions the Tenth Circuit has

carved, the Court declines Travelers' invitation to expand the exception further. *Chavez*, 947

F.3d at 648; *see also, e.g., KF 103-CV, LLC v. Am. Fam. Mut. Ins. Co.,* 630 F. App'x 826, 829-

30 (10th Cir. 2015) (refusing to apply any exception beyond those recognized in *Pompa* and *AIMCO* to allow consideration of rulings in underlying action).[16] Thus, the complaint rule applies and the information from the websites will not be considered. Therefore, it follows Travelers fail to show this exclusion applies.

### C.   The Insuring Agreement – "Personal Injury" or "Advertising Injury"

Travelers contends the *Kona Class Actions* do not allege personal or advertising injury as defined by the Policies. Boyer's argues otherwise. The Court examines each type of "injury' to evaluate if the Insuring Agreement triggers a duty to defend.

#### 1.   Disparagement of people or products

The Insuring Agreement provides Travelers "will pay those sums that the insured becomes legal obligated to pay as damages" because of "personal injury" or "advertising injury." "Advertising injury" includes:

> a. [] injury, other than "personal injury", caused by one or more of the following offenses:
>> (1) Oral or written publication, including publication by electronic means, of material *in your "advertisement"* that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;…

(ECF No. 25-3, p. 127 (italics added).) Similarly, "personal injury" includes:

> a. [] injury, other than "advertising injury", caused by one or more of the following offenses:
>
> ***

---

[16] The Court notes the *Pompa* Court relied, in part, on footnotes in *Cotter* and *Constitutional Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 563 n.10 (Colo. 1996) where the Colorado Supreme Court left for another day whether allegations framed to trigger coverage creates a duty to defend. Such facts are not implicated here.

> (4) Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;…

(ECF No. 25-3, p. 128.) (Offenses (1) and (4) above, collectively, "Disparagement Offenses.")

Thus, to fall within "advertising injury," the Kona plaintiffs must allege an offense where (1) Boyer's published material in its "advertisement" (2) that disparages the Kona plaintiffs' goods or products. To fall within "personal injury," Kona plaintiffs must allege an offense where (1) Boyer's published material (2) that disparages the Kona plaintiffs' goods or products. Travelers essentially raises three arguments as to why coverage is not triggered under the Disparagement Offenses. The Court examines them in turn.

*"Advertisement."* As to "advertising injury," "advertisement" is defined in the Policies as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."[17] Travelers contends the *Kona Class Actions* concern a term on a product label or package, which is not an advertisement. Boyer's counters the *Kona Farmers Action* alleges Boyer's "use marketing and packaging that tell consumers they are buying packages of Kona coffee" and "sells its coffee products …through its online store at wwww.boyerscoffee.com." And, further, that Kona farmers seek injunctive relief to preclude Kona defendants, including Boyer's, "from marketing, selling, or distributing any coffee products labeled Kona."[18]

---

[17] ECF No. 25-3, p. 118.
[18] ECF No. 25-1, ¶¶ 4, 13, 25.

In examining the allegations and the Policies' provisions the Court is mindful that the duty to defend exists if the complaint "alleges any facts that *might* fall within the coverage of the policy, even if allegations only *potentially or arguably* fall within the policy's coverage." *Thompson*, 84 P.3d at 502 (quotation marks and citation omitted, italics added). And, here, while the *Kona Class Actions* clearly focus on the labeling and packaging of the coffee products there are undeniably some allegations that Boyer's *also* used marketing and advertising to tell consumers the packages contain coffee from Kona. In fact, the *Kona Class Actions* can be read to have made a distinction between labeling and marketing. For example, in the *Kona Consumers Action*, the allegations are "deceptive labeling and marketing" as against manufacturers of the product but selling "fraudulently labeled" products as against sellers of the products. Accordingly, the Court does not find that all the alleged wrongdoing focuses "exclusively on product packaging" as Travelers argues.[19] Instead, the Court finds the allegations concerning Boyer's actions, coupled with the requested relief, could arguably fall within the definition of "advertisement."

 *Disparagement – Implied.* Travelers argues that the *Kona Class Actions* have not alleged the elements of the tort of disparagement because there are no false statements or misrepresentations about the Kona plaintiffs or their products that is derogatory. And, further, Travelers assert, even if this Court ignores the legal elements of disparagement and applies the plain and ordinary meaning of the term "disparagement" found in dictionaries, Boyer's use of the term "Kona" does not disparage farmers that grow or consumers that purchased "Kona" coffee or

---

[19] Thus, the Court does not reach whether the labeling and packaging on a product can or cannot also constitute "advertisement."

make derogatory comparisons of any kind. Finally, Travelers assert any argument by Boyer's of implied disparagement fails because it requires a harmful statement about another's – here, Kona plaintiffs' – products and there are no such allegations in the *Kona Class Actions*.

Boyer's counters that is not so. Boyer's asserts that, based on the plain meaning of the word "disparages," the Kona farmers allege that Boyer's depreciated the Kona farmers' products by indirect means and sufficiently allege the elements of the tort of disparagement.

Under *Thompson*, which the parties rely upon, the elements of a claim for disparagement consists of: "(1) a false statement; (2) published to a third party; (3) derogatory to the plaintiff's title to his property or its quality, to his business in general or to some element of his personal affairs; (4) through which defendant intended to cause harm to the plaintiff's pecuniary interest or either recognized or should have recognized that it was likely to do so; (5) malice; and (6) special damages." 84 P.3d at 507. Similarly, under the law of the state of Washington, the elements of a claim for product disparagement are "(1) a false statement; (2) that impugns the quality or integrity of plaintiff's goods or services; and (3) special damages in the form of lost profits from the loss of specific sale(s) to a specifically identified purchaser that would have occurred but for that purchaser hearing the false statement and declining to engage in that purchase." *Microsoft Corp. v. Zurich Am. Ins. Co.*, No. C00-521P, 2001 WL 765871, at *6 (W.D. Wash. July 2, 2001). As for the second element, the injured party "must establish that the disparaging communication was personally directed to his or her product." *Microsoft Corp.*, 2001 WL 765871, at *6. *See Auvil v. 60 Minutes,* 800 F. Supp. 928, 933 (E.D. Wash. 1992) (under the First Amendment, the injured party must demonstrate the disparaging communication "pertains directly to a particular individual or product whose identity can be ascertained from the

14

text (and context) of the publication"). Whether such elements are met depends on whether Boyer's theory of implied disparagement as to the *Kona Farmers Action* is within the meaning of the word "disparages" in the Policies and the elements of the tort. The Court agrees with Travelers that it does not.

The parties have cited to a number of cases reaching differing conclusions, none of which are controlling. For example, Defendants rely on *Armament Sys. & Procs., Inc. v. Northland Fishing Tackle, Inc.*, No. 01-C-1122, 2006 WL 2519225 (E.D. Wis. Aug. 28, 2006), but the *Armament* court was interpreting polices which cover "advertising injury" arising out of "misappropriation of advertising ideas or style of doing business" which are not found in the Policies. In *Natural Organics, Inc. v. OneBeacon Amer. Ins. Co.*, 102 A.D.3d 756, 959 N.Y.S.2d 204 (2013), that court found implied disparagement involving a publication which impliedly compared competitors' products; the case did not involve an insured allegedly making false statements about its own products. And California apparently recognizes a cause of action for disparagement by implication. *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co*., 590 F. Supp. 2d 1244, 1252 (N.D. Cal. 2008) ("Precedent does suggest, however, that disparagement by implication is actionable under California law."). Nonetheless, after extensive review, the Court agrees that implied disparagement is insufficient.

A review of the elements of a claim for disparagement and the Policies' language shows this claim requires the disparagement to be directed at Kona farmers' goods or products. But, Boyer's publication of "Kona" coffee does not disparage Kona farmers or, for that matter, Kona consumers. Instead, the Court finds Boyer's alleged false statement that its products contain Kona coffee which allegedly impugns or is derogatory to coffee from the Kona District, which

then allegedly impugns Kona farmers' products or goods because they are made from Kona coffee is too remote to constitute disparagement within the meaning of the Policies or the element of the claim under Colorado or Washington law. In other words, the Court finds that the implied disparagement Defendants rely upon does not fall within the Disparagement Offenses at issue here.

*Kona consumers were not disparaged.* The Disparagement Offenses also require that the claim be "brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged." Travelers contends that the Kona consumers do not sell "Kona" coffee; therefore, for this additional reason, no duty to defend is triggered for the *Kona Consumers Action*. The Court agrees. The Kona consumers do not allege they have been disparaged nor do not allege that any of their goods, products, or services have been disparaged by Boyer's alleged conduct.

In summary, the allegations of the *Kona Class Actions* fail to fall within the Policies' coverage for Disparagement Offenses.

### 2.  Infringement of Kona Farmers' "Slogan"[20]

"Advertising injury" also covers:

a.  [] injury, other than "personal injury", caused by one or more of the following offenses:

***

(3) Infringement of copyright, "title" or "slogan" in your "advertisement", provided that the claim is made or the "suit" is brought by a person or organization that claims ownership of such copyright, "title" or "slogan".

(ECF No. 25-1, p.  127.) "Slogan" is defined in the Policies as "a phrase that others use  for the

---

[20] There has been no contention here, nor could there be, of any infringement of Kona consumers' "slogan."

purpose of attracting attention in their advertising" that "[d]oes not include a phrase used as, or in, the name of: (1) Any person or organization, other than you; or (2) Any business, or any of the premises, goods, products, services or work, of any person or organization, other than you."[21] In other words, a "slogan" is a "phrase" others use to attract attention to their advertising which is not used as or in the name of a product other than Boyer's product. And, coverage will be afforded under this offense, if the *Kona Farmers Actions* involves a claim that Boyer's infringed Kona farmers' slogan. Travelers essentially raises three arguments here, which the Court addresses in turn.

First, Travelers argues that a "slogan," as a phrase, cannot consist of a single word – here, Kona. Defendants argue a slogan can consists of a single word, such as "Priceless." Defendants also contend that Kona plaintiffs complain about more than the use of the word "Kona" as the allegations also complain of Boyer's use of "Café Kona" and "Kona Blend." The Court agrees, in part, with Defendants on this argument.

The word "phrase" is not defined. A "phrase" is defined in Merriam-Webster to include "a brief expression," "word," and "a word or group of words forming a syntactic constituent with a single grammatical function." Merriam-Webster, https://www.merriam-webster.com/dictionary/phrase (last visited April 7, 2021). And, in the context of this definition, it can be a single word, just as "Priceless" is associated with Mastercard® . Thus, the Court agrees with Defendants that a single word can be a "phrase." The Court does not agree, however, that "Kona Blend" and "Café Kona" are "phrases" at issue. The *Kona Class Actions* complain of the use of "Kona" in "Kona

---

[21] ECF No. 25-1, p. 128.

Blend" and "Café Kona," not to these phrases themselves.[22] (*See, e.g.,* ECF No. 25-1, ¶ 136 (seeking injunction to restrain Kona defendants "from using the name 'Kona'"); ¶ 139 (seeking injunction to enjoin Kona defendants "from using the term 'Kona'").)

Next, Travelers argues "Kona" is used in the name of the Kona coffee products and, by definition, a slogan does not cover phrases used in another company's products. But, as Defendants argue, there are Kona farmers who do not use "Kona" in their product names, such as "Rancho Aloha." Accordingly, the Court also agrees with Defendants here.

Finally, Travelers contends slogans are catchy stand-alone phrases or mottos, not brand names or product descriptions, relying on *Laney Chiropractic & Sports Therapy, P.A. v. Nationwide Mut. Ins. Co.*, 866 F.3d 254 (5th Cir. 2017). And, relatedly, Travelers contends that neither "Kona" nor "Kona Coffee" or "Kona Café" are "used to attract attention" in advertising. Defendants contend reliance on *Laney* is misplaced because the policy there did not define "slogan" while the Policies here do and that "there is no doubt" these words are used to attract attention in advertising. Alternatively, Defendants contend that because "slogan" as applied to the facts of this case is reasonably subject to dispute, it is ambiguous and therefore should be construed in favor of coverage. On this argument, the Court does not rely on *Laney* but nonetheless agrees with Travelers.

A review of the allegations in the *Kona Farmers Action* complaints shows the Kona farmers used these words, "Kona," "Kona Coffee," and "Café Kona,"[23] to describe the products or brand names used by Boyer's, not as "a phrase that others use [here, Kona farmers] for the

---

[22] See ECF No. 25-1, ¶¶ 88-93 (allegations complaining of the use of the word "Kona" on Boyer's packaging).
[23] Even assuming, *arguendo*, that "Café Kona" and "Kona Coffee" are "phrases" at issue.

purpose of attracting attention to their advertisement." The Kona farmers allegations did not recognize these words as a "slogan" – as an advertising tagline – in their complaint. Instead, Kona farmers are seeking to protect the use of "Kona" as the source identifier – the Kona District – of their coffee.

Finally, contrary to Defendants' argument, the Court does not find "slogan" to be ambiguous. "A policy provision is ambiguous if it is reasonably susceptible on its face to more than one interpretation." *Farmers Ins. Exch. v. Anderson*, 260 P.3d 68, 83 (Colo. App. 2010). The provision is not ambiguous simply because the parties disagree as to how it applies to the allegations of the complaint. Accordingly, the Court finds no coverage is afforded under the Insuring Agreement at issue.

### D.  Exclusions

In light of the Court's determination that the *Kona Class Actions* do not fall within the Policies' Insuring Agreement, the Court need not consider if any of the other exclusions apply.[24]

### E.  Duty to Indemnify

Based on the foregoing, the Court finds there is no duty to defend. Defendants argue that the issue of whether Travelers has a duty to indemnify is not ripe, citing to *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1380 (10th Cir. 2011). Defendants do not explain how that case applies here and the Court finds it does not. Instead, the Court follows the general rule, applicable here, that where there is no duty to defend, there is no duty to indemnify. *United Fire & Cas. Co.*, 633 F.3d at 961 ("The Colorado Supreme Court has repeatedly held that '[w]here there is no duty to defend, it follows that there can be no duty to indemnify.'" (brackets in

---

[24] The Court did address the "Material Published Prior to Policy Period" exclusion above.

original) (quoting *Compass Ins. Co.*, 984 P.2d at 621)).

### F. Summary Judgment on Boyer's Counterclaim

As stated, the parties filed cross-motions on Travelers' claim for declaratory relief. They did not address Boyer's counterclaim for breach of contract. But, of course, where Travelers has no duty to defend or indemnify under the Policies, it follows that Travelers did not breach the 2019 policy. Accordingly, pursuant to Fed. R. Civ. P. 56(f), the Court hereby gives notice to Boyer's that it finds summary judgment to Travelers on this counterclaim is appropriate. Accordingly, Defendant Boyer's may file any response to the Court's finding as set forth below. *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1214 (10th Cir. 2010) (a district court may grant summary judgment *sua sponte* if "the losing party was on notice that [it] had to come forward with all of [its] evidence" (quotation marks and citation omitted)).

### IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That Travelers Motion for Summary Judgment (ECF No. 24) is GRANTED and Travelers has no duty to defend or indemnify the *Kona Consumers Action* and the *Kona Farmers Action* under the Policies;

(2) That Defendants' Cross-Motion for Summary Judgment (ECF No. 30) is DENIED; and

(3) That, on or before **April 28, 2021**, Defendant Boyer's may file its response to the Court's notice that, pursuant to Fed. R. Civ. P. 56(f)(3), summary judgment should be

entered in favor of Travelers on Boyer's counterclaim for breach of contract.

DATED this 7th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge